IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARREN KEYS, #33000-037
Petitioner                              :

v.                                      :        Civil Action No.  CCB-05-1534
                                                 Criminal Action No. CCB-98-0144
UNITED STATES OF AMERICA                :
Respondent

. . . .o0o. . . .

**MEMORANDUM**

Before the court is a pro se petition for writ of mandamus pursuant to 28 U.S.C. §1361 filed by Darren Keys.  Petitioner seeks to compel the United States Probation Office or the United States Attorney to amend the violation worksheet that was prepared for his revocation hearing. Counsel for respondent, the United States, has filed a response in opposition, and petitioner has filed a reply.  Upon consideration of the pleadings, transcripts and applicable law, the petition will be denied.

**I. Procedural Background**

By order entered October 21, 1998, this court sentenced petitioner to twenty-seven months incarceration and three years supervised release after he pleaded guilty to fraudulent use of an unauthorized access device in violation of 18 U.S.C. §1029 (a)(2).  See United States v. Keys, Criminal Action No. CCB-98-0144 (D. Md.).  While serving his supervised release, petitioner was convicted in the United States District Court for the Middle District of Florida of: conspiracy to commit an offense or to defraud the United States in violation of 18 U.S.C. §371; passing false and fictitious financial instruments, in violation of 18 U.S.C. §514; using the identity of another to commit bank fraud, in violation of 18 U.S.C. §1028(a)(7) & (2); and credit card fraud, in violation of 18 U.S.C. §1029(a)(2). Paper No. 38, Exhibit 4.  The convictions were

affirmed on appeal.  See United States v. Johnson, 97 Fed. Appx. 904 (11th Cir. 2004) (unpublished).  On January 24, 2005, in Keys v. United States, 125 S. Ct. 1052 (2005), the United States Supreme Court granted certiorari, vacated judgment, and remanded the case to the United States Court of Appeals for the Eleventh Circuit in light of United States v. Booker, 125 S. Ct. 738 (2005).  On remand, the appellate court reinstated its prior opinion affirming petitioner's convictions and sentences. See United States v. Johnson, 2005 WL 2867787 (11th Cir. November 2, 2005).

On July 2, 2003, petitioner appeared before this court and admitted to committing a felony while on supervised release; *i.e*., conspiracy to commit an offense or to defraud the United States in violation of 18 U.S.C. §371.[1]  Paper No. 41 at 3 & 5.  At the sentencing hearing, it was noted that the petition referenced only the 18 U.S.C. §371 conviction, a Grade B violation under the Sentencing Guidelines 7B1.1(a)(2) and 7B1.4(a). Paper No. 41 at 7.  For this reason, the parties agreed to limit sentencing to the §371 conviction, even though the violation worksheet contained calculations based on the most serious offense, the 18 U.S.C. §514 violation, a Grade A violation, which carried a sentencing range between thirty and thirty-seven months. Paper No. 41 at 6-8.  The court revoked petitioner's supervised release and imposed a sentence of eighteen months imprisonment, the bottom of the eighteen to twenty-four month range, to be followed by a new term of twelve months supervised release.  Paper No. 39.  On

---

[1]  18 U.S.C. §371 provides in relevant part:
    If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

appeal the Fourth Circuit affirmed. <u>See</u> <u>United States v. Keys</u>, 96 Fed. Appx. 882 (4th Cir. 2004) (unpublished).

Petitioner now asserts that because he was indicted in Florida under 18 U.S.C. §371 for conspiracy to commit an offense against the United States, not conspiracy to defraud the United States, mandamus is appropriate to compel amendment of his violation worksheet.  He also contends that he was sentenced for violating his conditions of supervised release in contravention of the Fifth and Sixth Amendments and his right to due process.  Paper No. 1 at 3-4.

## II. Analysis

Under 28 U.S.C. § 1361,  federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. Mandamus is an extraordinary remedy that is only available in cases where there are no other adequate means by which the relief sought could be granted. <u>See</u> <u>Kerr v. United States Dist. Court for the N. Dist. of Cal</u>., 426 U.S. 394, 402 (1976); <u>In re Beard</u>, 811 F.2d 818, 826 (4th Cir. 1987).  In order to meet the requirements for mandamus relief,  a petitioner must show that: he has a clear legal right to the relief; respondent has a clear legal duty to perform the act; and that no other adequate remedy is available. <u>See</u> <u>In re First Fed. Savings and Loan Ass'n of Durham</u>, 860 F.2d 135, 138 (4th  Cir.1988).  The complaint fails to meet this standard.

 Petitioner premises his first claim on the well-settled principle that an indictment must state the essential elements of a crime, and cites numerous cases in support.  Paper No. 1 at 6-8.  These cases, however, are readily distinguishable from the case at bar.  In this case, there is no

3

question presented regarding the constitutional propriety of the indictment under which petitioner was convicted. As a matter of law, there is no basis for equating a criminal indictment with a violation worksheet.

Next, petitioner advances a due process claim suggesting that he was sentenced based on inaccurate information. Paper No. 1 at 4-6. This claim is factually incorrect. Petitioner's supervised release was revoked, and he was sentenced based on his 18 U.S.C. §371 conviction. Consequently, petitioner demonstrates neither a clear right to the relief sought nor shows that respondent has a duty to perform the act requested. In addition, nowhere in the petition is it claimed there is an absence of an adequate available remedy to obtain relief.

Whether petitioner's conviction was for conspiracy to commit another offense or general conspiracy to defraud under 18 U.S.C. §317, the fact remains that: he was convicted in Florida of a felony committed while he was on supervised release; he stipulated to it before this court; and the crime was a Grade B violation punishable by five years incarceration. The revocation hearing transcript shows that petitioner conceded that he had been convicted of a 18 U.S.C. §371 violation in the Florida district court. [2] Paper No. 41 at 5, 39. After his revocation hearing, he was sentenced within the Guideline range for a Grade B violation. Finally, it is important to note that the Guidelines as to revocation of supervised release were, even before Booker, only advisory. See U.S.S. G. § 7B1.4; United States v. Davis, 53 F.3d 638, 642 (4th Cir.1995).

---

[2] Petitioner requests as alternative relief dismissal of "count one of the violation worksheet" and resentencing him to seven months imprisonment for the remaining class C violation on the worksheet. Paper No. 1 at 17. To the extent petitioner might intend to use the writ to appeal revocation of his supervised release, he is precluded from doing so. It is well-settled that "[m]andamus should not be used as a substitute for appeal." In re Ralston Purina Co., 726 F.2d 1002, 1004 (4th Cir.1984); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34-35 (1980).

For these reasons, petitioner has failed to sustain his burden to show he is entitled to mandamus relief. Issuance of the writ is unwarranted, and the petition will be denied by separate order.

| | |
|---|---|
|   November 28, 2005   <br> Date |                  /s/               <br> Catherine C. Blake <br> United States District Judge |